**Henry G. BARTSCH, d/b/a Airport Dis-patching Service, Petitioner,**

**v.**

**WASHINGTON METROPOLITAN AREA TRANSIT COMMIS-SION, Respondent.**

**No. 18202.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 27, 1964.

Decided Feb. 25, 1965.

Mr. Henry G. Bartsch, Washington, D. C., petitioner *pro se*. Mr. Jack H. Olender, Washington, D. C., also entered an appearance for petitioner.

Mr. Russell W. Cunningham for respondent.

Before PRETTYMAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

PER CURIAM:

This is a petition to review an order of the Washington Metropolitan Area Transit Commission denying petitioner's application for authority to continue his operation of "taxicab" and "limousine" service between Washington National Airport and various points in the District of Columbia.

The Transit Commission, by virtue of a Compact,[1] entered into among Virginia, Maryland and the District of Columbia, has broad jurisdiction over commercial transportation carried on in the Washington area, but its jurisdiction over "taxicabs and other vehicles used in performing a bona fide taxicab service" is limited to adjusting the rates for passenger trips crossing state lines and establishing requirements for minimum insurance coverage.[2] Under Art. XII, § 4(a) of the Compact, a certificate of public convenience and necessity would be required for limousine transport, not included in the "taxicab" exemption,[3] but "grandfather" rights are extended to those engaged in such transportation on March 22, 1961, the effective date of the Compact. Application for "grandfather" rights must be made within 90 days of the effective date.

Petitioner failed to apply within the 90-day period, but applied "under protest"[4] on January 7, 1963. This application came within 90 days after the three signatories of the Compact had ratified an amendment which narrowed the "taxicab" exemption.[5] On the date set for hearing, petitioner appeared *pro se*, but refused to offer any evidence to support his application. Thereupon, the Commission issued Corrected Order No. 296 dismissing the application on a finding that "the applicant is engaged in performing a bona fide taxicab operation in that the transportation is in motor vehicles for hire designed to carry eight passengers or less, not including the driver, used for the purpose of accepting or soliciting passengers for hire in transportation subject to the Compact along the public streets and highways as a passenger may direct, and not operated between fixed termini on regular schedules."

■ Since no evidence was offered or received concerning petitioner's operations, the Commission's finding that petitioner is engaged in "taxicab" operations, as defined by the Compact, is hardly supported by any evidence in the record. The Commission based its finding on a letter which petitioner sent to explain his "protest." In the letter he argued that neither he nor his competitor, Airport Transport, Inc., were subject to the jurisdiction of the Commission, and generally described both his and Airport Transport's operations in terms which

---

1. Washington Metropolitan Area Transit Regulation Compact, 74 STAT. 1031 (1960), as amended 76 STAT. 764 (1962) (hereinafter cited as "Compact").

2. Compact, Art. XII, § 1(c), 74 STAT. 1036, as amended 76 STAT. 765.
 Section 2(d) defines a "taxicab" as "any motor vehicle for hire (other than a vehicle operated, with the approval of the Commission, between fixed termini on regular schedules) designed to carry eight persons or less, not including the driver, used for the purpose of accepting or soliciting passengers for hire in transportation subject to this Act, along the public streets and highways, as the passengers may direct." 74 STAT. 1036.

3. That is, a certificate would be required for a limousine designed to carry eight persons or less which is not "used for the purpose of accepting or soliciting passengers for hire * * * as the passengers may direct."

4. It appears that petitioner's "protest" was made to preserve his objections to the Commission's jurisdiction over his operations, but he has not argued the jurisdictional point on this petition for review.

5. The original Compact exempted "taxicabs and other vehicles having a seating capacity of eight passengers or less." 74 STAT. 1036. In Montgomery Charter Serv., Inc. v. Washington Met. A. T. Com'n, 117 U.S.App.D.C. 34, 325 F.2d 230 (1963), we held this exemption to extend to all vehicles having a capacity of eight or less, whether they were operated as taxicabs or not. The 1962 amendment narrowed the exemption to "taxicabs and other vehicles *used in performing bona fide taxicab service* having a seating capacity of eight passengers or less." 76 STAT. 765. (Emphasis added.) Thus, operation of a vehicle having a capacity of eight or less between fixed termini, for example, would have been exempt under the original Compact, but would require a certificate of convenience and necessity under the amended Compact.

may qualify them as taxicab operations. Such a letter might be taken as an admission on the part of petitioner, if his were the only interest involved in the case, but the public interest in properly regulated transportation requires more evidence than this to support a Commission finding of exemption. Even though the ground chosen is unsupported by the record, however, it appears that the Commission could have reached the same result by dismissing the application on account of petitioner's failure to prosecute.

■ Ordinarily, a litigant seeking review here has the obligation to make an administrative record adequate for appellate review and, failing so to do, he must suffer the consequence of dismissal.

However, rather than terminate the proceedings on a ground on which the Commission has not relied, and in view of the unusual circumstances shown here involving a recently constructed scheme for control of metropolitan area transportation, we will permit the petitioner to return to the Commission, hopefully with a lawyer, and develop a record adequate for our review. We therefore vacate Commission Order No. 296 and remand the case to the Commission for further proceedings, to be initiated by the petitioner within a reasonable time to be set by the Commission. If petitioner does not proceed within that time, the proceedings may be dismissed.[6]

Remanded for further proceedings.

---

6. It may be well to note that, from what the record does contain, it appears that petitioner's operations may have been exempt under the original charter as interpreted by this court in Montgomery Charter Serv., Inc. v. Washington Met. A. T. Com'n, *supra* Note 5, but covered by the amended Compact. Thus the question may be presented whether *bona fide* operations, covered by the amendment but not by the original Compact, should be granted grandfather rights. On the present record before us, and without the benefit of a Commission ruling on the point, we feel it would not be advisable for us to decide the question at this stage of the proceedings.